# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LATHESIA PENN,

        Plaintiff,

v.                                   **Case No:  8:10-CV-0538-T-27AEP**

STATE ATTORNEY'S OFFICE of
the Thirteenth Judicial Circuit, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Plaintiff's Complaint (Dkt. No. 1), and Affidavit of Indigency (Dkt. No. 2), which the Court construes as a Motion for Leave to Proceed *in forma pauperis*.

### A.  Affidavit of Indigency

"When considering a motion filed pursuant to § 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (*quoting Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).  An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is "absolutely destitute" to qualify for indigent status under § 1915. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948).  Such an affidavit will be held sufficient if it represents that the litigant, because of her poverty, is unable to pay for the court fees and costs, and to support and provide necessities for herself and her dependents.  *Id.* at 339.  In other words, the statute is not to be construed such that potential

litigants are forced to become public charges or abandon what may be a meritorious claim because of the filing fee requirements. *Id.* at 339-40.

In the instant case Plaintiff states that she is single with no dependents and has been working as a sales representative "off and on for about four years." (Penn Aff. 2.) Plaintiff also states that she owns her 1999 Plymouth Breeze outright and pays $1050 monthly in rent. (*Id.* 3.) Plaintiff states that she makes about $1,500 *weekly* from her occupation as a sales representative, but fails to indicate whether she has any money in savings, and also fails to indicate what monies she received during the last twelve (12) months as required by the Affidavit. (*Id.* 2-3.) Finally, other than her rent, Plaintiff has minimal obligations with monthly payments totaling $220. (*Id.* 4.)

The Court first notes that Plaintiff's Affidavit of Indigency is incomplete because it lacks information regarding her savings and monies received during the past twelve months. Nevertheless, the Court finds that Plaintiff is not qualified for *in forma pauperis* status in light of Plaintiff's estimated monthly income of $6,000, and her modest debt and obligations.

### B. Failure to State a Claim

Additionally, the undersigned has reviewed Plaintiff's Complaint and has applied a "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a cause of action, nor does the Court bear the responsibility of reviewing and deciphering a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while courts should show leniency to *pro se* litigants, "this

leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action").

With respect to the substance of the Complaint, Plaintiff's allegations are set forth in an awkward narrative style which makes it virtually impossible to determine exactly what claim(s) Plaintiff asserts. Moreover, the Complaint fails to cite any statutory or authoritative basis for Plaintiff's claim(s); and, based upon its review, the Court is unable to determine Plaintiff's intended cause(s) of action. Plaintiff argues that her "Birth Given Rights" were violated by the Hillsborough County judicial system. (Dkt. No. 1.) Plaintiff states that the criminal investigation leading to her arrest and conviction was flawed and that certain evidence was concealed against her wishes. (*Id.*) Beyond these general legal theories, however, no intelligible or decipherable facts can be gleaned from the Complaint to form a basis for Plaintiff's claims. Because Plaintiff fails to comply with Rule 8 of the Federal Rules of Civil Procedure an amended complaint complying with the Rules of Civil Procedure should also be filed. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (stating that *pro se* litigants must "conform to procedural rules."). In amending the complaint, Plaintiff should be mindful that federal courts are courts of limited jurisdiction and unless Plaintiff can show this case arises under the Constitution, laws or treaties of the United States, and that the defendant is subject to this Court's jurisdiction, the Court will not have authority to hear the case.

Accordingly, after due consideration, it is **RECOMMENDED**:

(1)     Plaintiff's **Motion for Leave to Proceed *in forma pauperis*** (Dkt. No. 2) be

**DENIED** as Plaintiff is not qualified for *in forma pauperis* status;

(2)     Plaintiff's **Motion for Leave to Proceed** *in forma pauperis* (Dkt. No. 2) be

        **DENIED** additionally, or in the alternative, for failure to state a claim on

        which relief may be granted; and

(3)     the undersigned further recommends that the District Judge direct Plaintiff to

        pay the filing fee of $350 to continue this action and file an amended

        complaint properly stating the basis for the Court's jurisdiction and complying

        with Rule 8 of the Federal Rules of Civil Procedure, no later than twenty days

        from an Order adopting this Report and Recommendation, failing which the

        case may be dismissed without further notice.[1]

**IT IS SO REPORTED** at Tampa, Florida, this 10th day of March, 2010.


_____
ANTHONY E. PORCELLI
United States Magistrate Judge

---

[1] Plaintiff should be advised that some organizations provide free or reduced-fee legal services, such as the Bay Area Legal Services or the Tampa Bay Chapter of the Federal Bar Association. Attached to this Report and Recommendation is a referral form titled "Pro Bono Civil Litigation Project" from the Tampa Bay Chapter of the Federal Bar Association. Plaintiff may consider this referral form and contact the Federal Bar Association should Plaintiff desire the Federal Bar Association's legal assistance with the prosecution of this action.

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Hon. James D. Whittemore

Plaintiff, *pro se*